■ In the Matter of JEANETTE ANAGNOS et al., Appellants, v DENNIS LESICA et al., Constituting the Zoning Board of Appeals of the Town of Milan, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to prohibit the respondents from considering a challenge to a building permit issued to the petitioners by the former Zoning Enforcement Officer of the Town of Milan and from interfering with the construction specified in the permit, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered December 4, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners seek to construct 100 campsites and 6 double campsites on their property on Spring Lake Road in the Town of Milan. On December 18, 1985, George Carrothers, who was then the Zoning Enforcement Officer of the Town of Milan, issued a building permit for the construction to the petitioners. However, on February 14, 1986, two residents of the Town of Milan filed an appeal from the issuance of the permit to the petitioners. By letter dated March 17, 1986, Charles V. W. Coons, the current Zoning Enforcement Officer, informed the petitioners that because of the appeal, a "stay of all proceedings" which prohibited all work was in effect. No work has occurred since then.

The petitioners commenced this proceeding to prohibit the respondents from considering the appeal from the issuance of the permit and from interfering with the construction detailed in the permit. The Supreme Court, Dutchess County, dismissed the petition on the ground that the proceeding was premature since the Zoning Board of Appeals of the Town of Milan had referred the appeal to the Planning Board of the Town of Milan for site plan review and had not yet rendered a determination on the appeal. Contrary to the determination by the Supreme Court, we find that the petitioners did not challenge the merits of the appeal to the Zoning Board of Appeals, but did challenge the power of the Zoning Board of Appeals to consider the appeal of the issuance of the permit by the Zoning Enforcement Officer in the first instance (CPLR 7803 [2]). Consequently, this proceeding is not a premature proceeding seeking review of a nonfinal order, which requires exhaustion of the petitioner's administrative remedies *(see,* CPLR 7801 [1]; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). However, contrary to the contention of the petitioners, we find that the Zoning Board of Appeals was empowered to consider the appeal pursuant to Zoning Ordinance of the Town of Milan § 413 (1), which provides that the Zoning Board of Appeals shall have the power, *inter alia,* to "hear and decide appeals from and review any order, requirement, decision or determination made by the Zoning Enforcement Officer or other administrative officer carrying out or enforcing any provision of this ordinance".

We have considered the petitioners' other contentions and find them to be without merit. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.